February 23, 2018

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *United States v. Usher et al.*, 17 Cr. 19 (RMB)

Dear Judge Berman:

      Defendants write to update the Court on the status of the parties' discussions concerning a revised pretrial schedule. The parties have agreed on proposed dates for nearly all pretrial exchanges and submissions, as reflected in the attachment to this letter. Defendants ask the Court to endorse the deadlines set forth in the attachment. Defendants also ask the Court to resolve a single, contested issue. By agreement of the parties, the Government will file its response letter, not to exceed two pages, by Tuesday, February 27.

      When the Court ruled on Defendants' motion for a bill of particulars on October 12, 2017, the Court directed that the Government provide Defendants staged pretrial disclosures of a successively smaller number of "episodes," as well as the trading data "relevant to the episode[s]." (R. 59.) These disclosures were designed to allow Defendants to "prepare a defense and . . . avoid unfair surprise at trial." *United States v. Connolly*, 2017 WL 2537808, at *6 (S.D.N.Y. May 24, 2017).

      The Court's Order set the Government's disclosures of trading data (and updates to its "episodes" list) for March 1 (or two weeks after the Court's decision on dispositive motions, whichever was earlier) and May 3. At the time of the Order, trial was scheduled to begin on June 4. The Order thus struck a reasonable balance between Defendants' need for the disclosures to prepare their defense, and the Government's need for time to prepare the information and for trial.

      On January 22, at Defendants' request, the Court adjourned the trial to October 1. Given the sheer volume of discovery in this matter, Defendants needed this additional time to review the Government's disclosures and put together a focused defense case. The Government did not join Defendants' request for an adjournment, and represented that it was prepared to meet its disclosure obligations on the then-existing schedule.

      To make effective use of the adjournment and to avoid wasting the Court and jury's time on a trial that is less focused than it should be, Defendants continue to need the disclosures contemplated in the Order as soon as possible. However, the Government has taken the position that these disclosures should not occur until July 6 and August 10, concurrently with the exchange of initial and final trial exhibit lists. The Government has not said it needs this time to prepare the material. As a result, the Government's position would only delay Defendants' evaluation of the data.

July 6 is only 87 days before trial. This is *less* than the 95 days contemplated in the Order, and significantly less than the 114 days the *Connolly* court set for the Government's final—not just initial—production of trading data in that case. *See id.* at *7. In other words, adopting the Government's position would not only deprive Defendants of nearly all of the benefit of the trial adjournment, it would actually put them in a worse position with respect to the trading data.

In the interest of reaching a compromise, Defendants asked whether there were any dates before July 6 that the Government would agree to provide these data. The Government replied there were none.

The Government has been reviewing trading data for this case since at least early 2014. Adopting the Government's position would unfairly give Defendants only 87 days to catch up in a race the Government has been running for four and a half years. Defendants can never catch up, but need these disclosures as soon as possible to have a fair chance to prepare for trial.

Defendants therefore respectfully ask the Court to set revised dates for the data disclosures that are as early as possible, consistent with the Government's need to prepare the material for discovery. Now that the trial date has moved to October, there is no reason to tie the data disclosures to the exchange of trial material, and connecting the two would serve only to unnecessarily delay the disclosures. At a minimum, Defendants request that the disclosures occur no later than April 16 and June 18, which is a reasonable compromise between the deadlines that the Court's Order set and the Government's proposed disclosure dates.

Respectfully submitted,

/s/ Heather Tewksbury

Heather Tewksbury
Anjan Sahni
WilmerHale LLP
7 World Trade Center
New York, NY 10007

*Counsel for Rohan Ramchandani*

David Schertler
Lisa Manning
Schertler & Onorato, LLP
1101 Pennsylvania Avenue, NW, Suite 1150
Washington, D.C. 20004

*Counsel for Christopher Ashton*

Michael Kendall
Mark Gidley
Andrew Tomback
White & Case LLP
75 State Street
Boston, MA 02109

*Counsel for Richard Usher*

cc: Jeffrey Martino, Esq., Carrie Syme, Esq., Bryan C. Bughman, Esq., Stephen McCahey, Esq. (Department of Justice, Antitrust Division)