

**U.S. Department of Justice**

Antitrust Division

---

*New York Office*

26 Federal Plaza                                    212/335-8000
Room 3630
New York, New York 10278-0004          FAX 212/335-8023

February 27, 2018

ECF & HAND DELIVERY

Honorable Richard Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

                Re:    <u>U.S. v. Richard Usher et al</u>, 17-Crim-019 (RMB)

Dear Judge Berman,

        We write in response to Defendants' letter dated February 23, 2018, regarding one remaining dispute on the otherwise agreed-upon pretrial schedule. We respectfully request that the Court reject Defendants' attempt to reopen an issue that was fully argued and decided several months ago.

        Last Fall, Defendants moved for a bill of particulars, claiming they needed detailed disclosures regarding the alleged collusion by Defendants and the trading data the Government would use to help prove that collusion at trial. After negotiations, the Government made a final compromise offer, which Defendants rejected. On October 12, 2017, this Court so-ordered the Government's offer ("Order"). That Order requires the Government to provide:

- A list of episodes of alleged coordinated trading between the co-conspirators for potential use in the Government's case-in-chief at trial, with successive updates culling that list to no more than 75 episodes by December 15, 2017;

- An updated episodes list and identification of the "specific trades, orders, bids, and offers relevant to" each episode, due with its trial exhibit lists. The Order states the parties' initial trial exhibit lists are due either two weeks after the Court's decision on the motion to dismiss "or March 1, 2018, whichever is earlier (i.e. more than three months [95 days] before trial)" and the final exhibit lists are due "on May 3, 2018 (one month [32 days] before trial)." At that time, trial was scheduled to begin June 4.

        To date, the Government has fully complied with this Order.

The last two due dates in the Order are explicitly keyed to the trial date, and the Government's position has always been that those dates should move to correspond with any new trial date. In January, the Court granted Defendants' motion to move the trial date ahead four months, to October 1. Accordingly, the parties have agreed upon new dates for initial and final trial exhibit lists, moving those dates ahead three to four months: July 6, 2018 (87 days before trial) and August 10, 2018 (52 days before trial; note that this date is now even more favorable to Defendants). Accordingly, the Government views July 6 and August 10 as the most logical and appropriate dates for the Government to update the episodes list and identify the "specific trades, orders, bids, and offers relevant to" each episode, given that it reflects the same timeline as in the Order. We agree with Defendants in their recent letter, at page 1: "The Order thus struck a reasonable balance between Defendants' need for the disclosures to prepare their defense, and the Government's need for time to prepare the information and for trial."

Defendants now ask for more than a "reasonable balance" and request that the remaining dates in the Order be moved up significantly, to April 16 and June 18, without any change in circumstances or other justification. Instead, Defendants vaguely complain that they have no ability to "catch up" to the Government in preparing trading data for trial without much earlier disclosures. This is incorrect. Starting in August 2017 and concluding in January 2018, the Government has produced to Defendants all discoverable information in its possession, custody, and control that will enable Defendants to view and use trading data. Those disclosures include:

- A full set of EUR/USD trading data from the conspirators' banks and EBS platform from the relevant time period (production of which was substantially complete in Fall 2017), which is fully searchable and marked by date/time to allow matching up of any desired point of trading with the data;

- Notes from discussions with bank and EBS representatives concerning how the trading data is compiled and how to understand and interpret trading data; and

- Notes of witness interviews in which the witness explicitly discussed trading data in connection with collusive episodes.

In sum, all parties in this case possess the same trading data documents and resources, the same ability to access that data, and the same ability to analyze that data. Defendants asked for four more months to review this discovery prior to trial, and have already been granted that time.

Currently, the only thing Defendants lack with respect to trading data is a sneak preview of the evidence the Government will use at trial. The Order explicitly stated that such a preview is reasonably due much closer to trial, when all parties are expected to be finalizing their trial strategy and evidence. As a result, we respectfully request that the Court order that the Government's remaining disclosures as set forth in the Order be due July 6, 2018 (initial) and August 10, 2018 (final).

Sincerely yours,

Carrie A. Syme

Carrie A. Syme

Trial Attorney

Jeffrey D. Martino
Chief, New York Office

U.S. Department of Justice, Antitrust Division
26 Federal Plaza, Room 3630
New York, NY  10278