RECEIVED JUN 2 5 2018 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/18

**MEMO ENDORSED**

Gov't to respond on or before July 3, 2018. (These kinds of letters need to be submitted a week in advance to the Court and should include all issues, i.e. not 1 or 2 at a time.) Thanks.

SO ORDERED:
Date: 6/25/18   Richard M. Berman
Richard M. Berman, U.S.D.J.

Parties should "meet+confer"

WHITE & CASE

White & Case LLP
75 State Street
Boston, MA 02109-1814
T +1 617 979 9300
whitecase.com

June 25, 2018

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *United States v. Usher et al.*, 17 Cr. 19 (RMB)

Dear Judge Berman:

Defense counsel have two discrete discovery-related issues that we wish to discuss with the Court at the status conference scheduled for Tuesday, June 26, 2018, at 11 a.m. First, the Government has not produced all statements made by its chief cooperating witness to other regulatory and law enforcement authorities. Second, the Government has declined our request for the production of written communications between the Government and counsel for its chief cooperating witness. This letter briefly outlines the parties' positions and the law regarding the discoverability of these two categories of evidence.

Defense counsel will also be prepared to address the trial logistics issues identified in the Government's June 25, 2018 letter. And we will of course also be happy to discuss any other topics that the Court wishes to address at the conference on Tuesday.

1. Cooperating Witness Statements to Regulatory Authorities

Following the Court's instruction in December that the parties work to resolve our dispute concerning the Government's obligations to produce statements that its primary cooperating witness made to various regulatory authorities, *see* Memo Endorsement, dkt. 69 (Dec. 4, 2017), the Government produced to Defendants a statement that the witness made to the Australia Competition & Consumer Commission. However, the parties are aware of at least three additional statements—specifically, statements to the competition authorities of Korea and Brazil, and a statement to the Federal Reserve Bank ("FRB") in the United States. These three statements are material to preparing the defense, yet the Government has declined to produce them.

Although the Government claims that it does not "possess" these statements, it could obtain them upon request to the relevant authorities or cooperating witnesses or entities. Given the Defendants' far more limited power to obtain such evidence, and the importance of the evidence, fundamental fairness requires the Government to make the requests. *See United States*

Honorable Richard M. Berman, U.S.D.J.
June 25, 2018

**WHITE & CASE**

*v. Perdomo*, 929 F.2d 967, 970 (3d Cir. 1991) ("In the interests of inherent fairness, the prosecution is obligated to produce certain evidence actually or constructively in its possession *or accessible to it*." (emphasis added)); *United States v. Giffen*, 379 F. Supp. 2d 337, 342-43 (S.D.N.Y. 2004) (stating that the "scope of [the] Rule 16 obligation turns on the 'the extent to which *prosecutor has knowledge of and access to* the documents sought by the defendant in each case'" (emphasis added)) (quoting *United States v. Bryan*, 868 F.2d 1032, 1035-36 (9th Cir. 1989)); *see also United States v. Stein*, 488 F. Supp. 2d 350, 363 (S.D.N.Y. 2007) (holding that documents that a cooperating entity "is obliged by [a cooperation agreement] to produce upon request are within the government's control" under Rule 16).

Because the FRB is a federal government agency, the cooperating witness's statement to the FRB is also in the "possession of the United States" under the Jencks Act. 18 U.S.C. § 3500. *See United States v. Bryant*, 439 F.2d 642, 650 (D.C. Cir. 1971) ("The fact that it was the Bureau of Narcotics and Dangerous Drugs, and not the United States Attorney's office, which had possession of the [evidence] in these cases does not render it any less discoverable. The duty of disclosure affects not only the prosecutor, but the Government as a whole, including its investigative agencies. Rule 16 and the Jencks Act refer, respectively, to evidence gathered by 'the government' and by 'the United States,' not simply that held by the prosecution."); *United States v. Beasley*, 576 F.2d 626, 631 (5th Cir. 1978) ("The Jencks Act does not on its face restrict its command to the production of statements in the hands of, or known to, the particular prosecuting attorney assigned to the case, the U.S. Attorney's Office, the Criminal Section of the Justice Department, or even the entire Justice Department. Its order is unqualified."). Thus, the Jencks Act provides an independent basis on which the Government must produce its cooperating witness's statement to the FRB.[1]

Indeed, the Government has acknowledged the FRB's assistance in its investigation. *See* FBI, Press Release, Remarks by ADIC Andrew McCabe at Press Conference on Foreign Exchange Spot Market Manipulations (May 20, 2015) (thanking "the Federal Reserve for their incredible assistance and cooperation in this matter"), *available at* https://www.fbi.gov/contact-us/field-offices/washingtondc/news/press-releases/remarks-by-adic-andrew-mccabe-at-press-conference-on-foreign-exchange-spot-market-manipulations; DOJ, Press Release, *Five Major Banks Agree to Parent-Level Guilty Pleas* (May 20, 2015) (referring to the FRB's "substantial assistance" in the DOJ's FX investigation), *available at* https://www.justice.gov/opa/pr/five-major-banks-agree-parent-level-guilty-pleas.

Defendants therefore respectfully request that the Court order the Government to produce the cooperating witness's statements to foreign and domestic regulatory authorities by August 7, 2018—the parties' agreed-upon deadline for the Government's Jencks disclosures.

---

[1] Defendants have been trying for more than nine weeks to obtain the FRB statement directly from that agency through the FRB's *Touhy* procedure. *See* 12 C.F.R. § 261.22. Defendants have not yet obtained the statement through that channel, however, and it is unclear if the request will be successful. It would be far more efficient and effective for the Court to order the disclosure of the statement through DOJ.

Honorable Richard M. Berman, U.S.D.J.
June 25, 2018

**WHITE & CASE**

## 2. The Government's Written Communications with Cooperating Witness's Counsel

Defendants have also recently learned of written communications between the Government and counsel for the cooperating witness that identify certain events and documents that may be part of the prosecution case, and that request proffers of information constructed around those events and documents. The Government acknowledges that these communications exist but refuses to produce them.

Rule 16 requires the Government to produce these documents. The Government possesses them, and they are "material" because they "could be used to counter the government's case or to bolster a defense." *Giffen*, 379 F. Supp. 2d at 342. Specifically, the documents could counter the Government's case by showing how the Government shaped the cooperating witness's testimony to fit the Government's view of the facts. They are an integral part of the promises, rewards, and inducements through which the Government solicited the witness's testimony.

The Government has asserted that the documents are not discoverable because Rule 16 does not require the Government to produce information in any specific form, and the communications are duplicative of the proffers themselves. Rule 16 refers to the production of "documents and objects"—not mere "information." The language of the rule does not permit the Government to withhold discoverable documents simply because, in the Government's estimation, Defendants already have sufficient "information" on a topic. If the Government possess material documents, Rule 16 requires their production. Moreover, as evidence of the Government's shaping of the witness's testimony, the Government's communications with the witness's counsel are in no way duplicative of the proffers.

Defendants therefore respectfully request that the Court order the Government to produce these communications.

EMEA 118124095 v6
4430087-0002

Honorable Richard M. Berman, U.S.D.J.
June 25, 2018

**WHITE & CASE**

Respectfully submitted,

*[signature]*

Michael Kendall
Mark Gidley
Andrew Tomback
White & Case LLP
75 State Street
Boston, MA 02109

*Counsel for Richard Usher*

David Schertler
Lisa Manning
Schertler & Onorato, LLP
1101 Pennsylvania Avenue, NW, Suite 1150
Washington, D.C. 20004

*Counsel for Christopher Ashton*

Heather Tewksbury
Anjan Sahni
WilmerHale LLP
7 World Trade Center
New York, NY 10007

*Counsel for Rohan Ramchandani*

cc: Jeffrey Martino, Esq., Carrie Syme, Esq., Bryan C. Bughman, Esq., Stephen McCahey, Esq. (Department of Justice, Antitrust Division)

EMEA 118124095 v6
4430087-0002