July 9, 2018

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *United States v. Usher et al.*, 17 Cr. 19 (RMB)

Dear Judge Berman:

      Defendants hereby reply to the Government's response regarding the discovery-related issues presented in Defendants' June 25, 2018 letter. Each of these issues relates to the Government's cooperator (its principal witness in this case), and the assessment of his credibility at trial.

1.  Cooperating Witness's Statements to Foreign Authorities

      The Government's cooperating witness previously made on-the-record statements to antitrust regulators in Korea (and possibly Brazil).[1] After hearing his statements, neither of those authorities elected to prosecute him for the same conduct at issue in this prosecution. These statements—which we believe will contradict his testimony at trial—are essential to effective cross-examination. It would be fundamentally unfair for the Government's star witness to provide days of testimony about his past trading activities, but not be challenged with his sworn statements to foreign regulators on the same exact subject.

      Defendants have made a narrow request, namely, that the Government merely request its counterparts in Korea and Brazil for any statements made by its cooperating witness. The burden on the Government of making this request is minimal and the potential impact of this evidence on the jury's assessment of his credibility is significant. *See, e.g., United States v. Stolt-Nielsen S.A.*, 524 F. Supp. 2d 609, 626 (E.D. Pa. 2007) (discrediting the testimony given by a key prosecution witness that "was contradicted by his declaration to the Korean Fair Trade Commission"). Given the importance of this specific category of evidence, the Government should be ordered to take the modest step of simply asking a foreign counterpart to provide it.

      The Government claims that the foreign regulator "has declined to make [the statement] available for discovery in this case." ECF No. 100 at 1. But the Government only asked its

---

[1] There is evidence indicating that the Government's cooperating witness previously made a statement to the Brazilian antitrust authority (CADE). First, the Government has produced a document referring to a "2 page response" submitted on his behalf. Second, CADE issued a ruling stating that he presented a defense.

Honorable Richard M. Berman, U.S.D.J.
July 9, 2018

cooperator to request his past statements to foreign authorities, which resulted in the production of an 87-page statement to the Australia Competition & Consumer Commission (ACCC). Yet the Government, to date, has refused to make its *own*, *direct* request to the foreign authorities. Defendants respectfully submit that a direct request from the Antitrust Division of the U.S. Department of Justice is likely to carry far more weight than a request made by an individual who himself was investigated by those same foreign authorities.

2.  Cooperating Witness's Statements to the Federal Reserve Bank (FRB)

The Government has also refused to request any past statements made by its cooperating witness to the FRB. Requesting these statements would be even easier for the Government given that the FRB is a domestic federal agency that routinely partners with the U.S. Department of Justice. Indeed, the two agencies partnered with each other in this case for over a year. As the Government's response concedes, the Government and the FRB participated in *19* joint meetings—and proffer sessions—with various witnesses and counsel for subjects of the FRB's investigation. Although it frames this cooperation with the FRB as "limited fact finding," the Government specifically thanked the FRB in a press conference "for their incredible assistance and cooperation in this matter."

The Government relies principally on *United States v. Gupta*, 848 F. Supp. 2d 491 (S.D.N.Y. 2012), but ignores the fundamental principle that *Gupta* sought to vindicate: "That separate government agencies having overlapping jurisdiction will cooperate in the factual investigation of the same alleged misconduct makes perfect sense; *but that they can then disclaim such cooperation to avoid their respective discovery obligations makes no sense at all*." *Gupta,* 848, F. Supp. 2d at 492 (emphasis added). That is precisely what the Government proposes to do here. Having conducted a joint investigation with the FRB with respect to at least 19 meetings or proffers (and then thanking the FRB for its "incredible assistance"), it now disclaims any obligation to seek potential exculpatory material about its chief witness from a law enforcement partner.

*United States v. Martoma*, 990 F. Supp. 2d 458, 461 (S.D.N.Y. 2013) is instructive. In that case, the U.S. Attorney's Office ("USAO") was ordered to review and produce any exculpatory communications between the SEC and two cooperating witnesses (or their counsel) that were in the sole possession of the SEC. After ordering the parties to provide factual affidavits detailing the SEC and USAO's cooperation with each other, Judge Gardephe determined that the two agencies, which had conducted 20 joint interviews (including of the cooperators), had participated in a joint investigation. And critically, even though the USAO had not participated in the SEC's separate communications with the cooperators or their counsel, the Court nevertheless held that the agencies' joint investigation in other aspects of the case required the USAO to review those communications (which were in the sole possession of the SEC) for *Brady* purposes. Similarly, even though the Government did not participate in the cooperator's (or his counsel's) meetings with the FRB, its joint investigation for other purposes (including 19 different meetings and proffers) should compel the same outcome as in *Martoma*. Having apparently reaped the benefits of the FRB's "incredible assistance," the Government cannot now "disclaim such cooperation to avoid their respective discovery obligations," *Gupta,* 848, F. Supp.

Honorable Richard M. Berman, U.S.D.J.
July 9, 2018

2d at 492, including providing potentially significant impeachment material about its main witness.

3.  The Government's Written Communications with Cooperating Witness's Counsel

       The Government opposes Defendants' third request—for communications with counsel for the cooperating witness—on the basis that it has provided "anything discoverable" in another form, namely its notes memorializing subsequent interviews or proffers.  ECF No. 100, at 3-4. In its response, the Government concedes that its written communications often identify the specific documents it seeks to question the witness about.  *Those* writings are the "documents and objects" that are "material to preparing the defense."  Rule 16(a)(1)(E)(i).  *Those* writings clarify how the Government has shaped the witness's testimony, illustrating, for example, whether documents discussed during proffer sessions were identified in the first instance by the Government or by the witness.  Moreover, the Government's written communications may contain other commentary about the documents and reveal the arc of the relationship between the Government and its cooperator.  Notes purporting to summarize attorney proffers do not serve the same function and cannot substitute for the actual, written communications between the Government and counsel for its cooperating witness.  Those communications are subject to Rule 16 and we respectfully submit that the Government should be ordered to produce them to the defense.

Respectfully submitted:

| | | |
|---|---|---|
| Michael Kendall | Heather Tewksbury | David Schertler |
| J. Mark Gidley | Anjan Sahni | Lisa Manning |
| Andrew Tomback | WilmerHale LLP | Schertler & Onorato, LLP |
| White & Case LLP | 7 World Trade Center | 1101 Pennsylvania Avenue, |
| 75 State Street | New York, NY 10007 | NW, Suite 1150 |
| Boston, MA 02109 | | Washington, D.C. 20004 |
| | *Counsel for Rohan* | |
| *Counsel for Richard Usher* | *Ramchandani* | *Counsel for Christopher Ashton* |

cc:    Jeffrey Martino, Esq., Carrie Syme, Esq., Bryan C. Bughman, Esq., Stephen McCahey, Esq. (Department of Justice, Antitrust Division)