USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/24/18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                         Government,

-against-

RICHARD USHER, ROHAN
RAMCHANDANI, and CHRISTOPHER
ASHTON,

                         Defendants.
-----------------------------------------------------------X

17 Cr. 19 (RMB)

**DECISION & ORDER**

Based upon the record herein, including without limitation, (i) Defendants' motion in limine, dated August 3, 2018, seeking to "prohibit any references to Bank Pleas at trial" under Federal Rule of Evidence 403 "because of the extreme risk the jury would improperly rely on the Bank Pleas instead of the evidence introduced at trial," Memorandum of Law in Support of Defs.' Motions in Limine, dated August 3, 2018 ("Def. Mem."), at 1; and the Government's opposition, dated August 13, 2018, arguing that "evidence of the bank guilty pleas may be a necessary and legally appropriate rebuttal . . . of certain defense proof at trial," Memorandum of Law in Opposition to Defs.' Motions in Limine, dated August 13, 2018 ("Gov. Opp'n"), at 1, the Court hereby denies Defendants' motion in limine to exclude any reference by the Government to the Bank Pleas, as explained below:

1. In May 2015, Barclays PLC, Citicorp, J.P. Morgan Chase & Co., The Royal Bank of Scotland plc, and UBS AG entered into separate plea agreements with the United States Department of Justice ("Bank Pleas"). Def. Mem. at 1. The Banks plead guilty to violating Section One of the Sherman Antitrust Act, 15 U.S.C. § 1, by "enter[ing] into and engag[ing] in a conspiracy to fix, stabilize, maintain, increase or decrease the price of, and rig bids and offers

1

for, the EUR/USD currency pair exchanged in the FX Spot Market by agreeing to eliminate competition in the purchase and sale of the EUR/USD currency pair in the United States and elsewhere." See Plea Agreement, USA v. Citicorp, No. 15 CR 78 (D. Conn. May 20, 2015), ECF No. 8; Plea Agreement, USA v. JP Morgan Chase & Co., No. 15 CR 79 (D. Conn. May 20, 2015), ECF No. 13; Plea Agreement, USA v. The Royal Bank of Scotland Plc., No. 15 CR 80 (D. Conn. May 20, 2015), ECF No. 9; Plea Agreement, USA v. The Royal Bank of Scotland Plc., No. 15 CR 80 (D. Conn. May 20, 2015), ECF No. 9Kendall Decl. Ex. A ¶¶ 4(g), (h), (i) (Barclays PLC Plea Agreement (May 20, 2015)).

2. The Bank Pleas state, among other things, that the Banks "**through [their] traders,** participated in the conspiracy from at least as early as December 2007 and continuing until at least January 2013." See, e.g., Plea Agreement, USA v. Citicorp, No. 15 CR 78 (D. Conn. May 20, 2015), ECF No. 8 (emphasis added). The Defendants in this case, i.e., Richard Usher, Rohan Ramchandani, and Christopher Ashton, at all relevant times, were traders of JPMorgan Chase & Co., The Royal Bank of Scotland plc, Citicorp, and/or Barclays PLC. See Indictment, dated January 10, 2017. Richard Usher was employed by The Royal Bank of Scotland plc until in or about 2010, and then by JPMorgan Chase & Co. until in or about October 2013; Rohan Ramchandani was employed by Citicorp from in or about 2011 through in or about January 2014; and Christopher Ashton was employed by Barclays PLC from in or about September 2006 through in or about May 2015. Id. ¶¶ 13-15.

Defendants are charged in this case under Section I of the Sherman Act with virtually the same conduct set forth in the Bank Pleas, namely, "participat[ing] in a combination and conspiracy to suppress and eliminate competition for the purchase and sale of EUR/USD in the

2

United States and elsewhere by fixing, stabilizing, maintaining, increasing, and decreasing the price of, and rigging bids and offers for, EURJUSD in the FX Spot Market." Indictment ¶ 18.

3. The Government contends that the "cornerstone of defendants' trial defense appears to be that their participation in the alleged conspiracy [to price fix the EUR/U.S. Dollar currency pair] was well within the customs, norms, or expected behaviors of the foreign exchange [] market and benefitted the operation of the FX market as well as its individual participants." Gov. Opp'n at 2; see Mem. Of Law in Supp. Of Defs' Opp. To Gov's Mot. in Limine, dated August 13, 2018 ("Defs.' Opp'n"), at 3. Indeed, a significant portion of Defendants' proposed trial evidence appears to be "keyed to these issues," including trial exhibits, the testimony of fact witnesses, and the testimony of Defendants' proposed expert witnesses. See Gov. Opp'n at 2. According to the Government, Defendants have also indicated that they may argue that Bank supervisors were aware of Defendants' conduct and encouraged it. See Defs.' Opp'n at 3. The Government wishes to enter the Bank Pleas into evidence to rebut these defenses. The Government also states that it "has no intention of making affirmative use of the guilty pleas . . . . [b]ut if Defendants open the door at trial . . . evidence of the bank pleas may be a necessary and legally appropriate rebuttal." Gov. Opp'n at 1.

4. The Court finds that the Government may introduce into evidence the Bank Pleas to rebut the defense theories discussed above. See United States v. Marrale, 695 F.2d 658, 667 (2d Cir. 1982) ([A] prosecutor is ordinarily entitled to respond to the evidence, issues, and hypotheses propounded by the defense . . . ."); United States v. Vasquez, 267 F.3d 79, 85 (2d Cir. 2001) ("[E]vidence whose probative value might not ordinarily outweigh its prejudicial effect if offered on direct examination is admissible to rebut testimony elicited on cross examination that created a false impression."). The Bank Pleas may be offered in an effort to show that Defendants'

3

"behavior was not, in fact, condoned, and not, in fact part of any market standard, or if it was part of a market standard, that market standard itself was plagued by a lot of crime and a lot of inappropriate behavior." See Transcript, dated September 13, 2018, at 80.

5. The Government persuasively argues that the Confrontation Clause of the Sixth Amendment is not implicated by introduction of the Bank Pleas because the Government will be required to call as witnesses the signatories of one or more of the plea agreements or other witnesses competent to testify to the substance of the Bank Pleas. See Gov. Opp'n at 1-2. Defendants will be able to cross-examine these witnesses. See Transcript, dated September 13, 2018 at 81 (Government: "So if it's just a matter of finding out who the right person is, I am sure that we can figure that out if it comes up at trial. It may be the signatory of the [Bank Pleas]. It may be a different person who is able to answer whatever questions need to be answered, but that means we don't have a Crawford issue, we don't have a confrontation clause issue.").

6. To limit even the possibility of any prejudice to Defendants stemming from introduction of the Bank Pleas, the Court intends to give a limiting instruction that Defendants in this case are presumed to be innocent and that Bank Plea evidence is not proof that Defendants committed the crime(s) charged in the Indictment. See United States v. Universal Rehab. Servs. (PA), Inc., 205 F.3d 657, 669 (3d Cir. 2000) ("[T]he detailed limiting instructions provided by the District Court cured the prejudicial effect, if any, flowing from the introduction of [two witness'] guilty pleas and plea agreements."). The instruction will be the following:

> You have heard that the Defendants' employers, Citibank, J.P. Morgan Chase, Royal Bank of Scotland, and Barclays pled guilty to participating in a price fixing conspiracy from December 2007 to January 2013. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of each Defendant on trial from the fact that one or more of their employers pleaded guilty to similar charges. You should not consider these guilty pleas as proof that Defendants committed the crimes alleged in this case.

4

**Conclusion & Order**

For the reasons stated above, Defendants' motion in limine 1 [#117] is denied.

Dated: New York, New York
September 24, 2018

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**