October 18, 2018

VIA ECF

Honorable Richard M. Berman
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

*United States v. Usher et al.*, No. 17-cr-19 (RMB)

Dear Judge Berman:

We respectfully request that the Court reconsider a portion of its ruling on the defendants' Motion in Limine to Exclude Evidence of Alleged Non-Compliance with Bank Compliance Policies (ECF No. 118, at 17-22). We now ask the Court to exclude a single telephone call, which took place between Christopher Ashton and Jerry Urwin on July 18, 2012 (the "Urwin call"). Introduction of the Urwin call would violate Federal Rules of Evidence 401, 403, and 407, aggravating the unfair prejudice that the government injected into the trial in its redirect examination of cooperating witness Matthew Gardiner.

The instant application is time-sensitive, given that the government apparently intends to introduce the Urwin call tomorrow (the last day of its case-in-chief). We therefore attach a transcript of the Urwin call to this letter.

The defendants are charged with a federal felony. They have a right to be tried by a jury applying federal criminal law, at a trial governed by the federal rules of procedure, rules of evidence, and constitutional protections. The government, however, has offered the jury hearsay opinions of various banks and one regulator (the Federal Reserve Bank) regarding conduct that the government's examination linked incorrectly to the charges. *See* ECF No. 188 (discussing Trial Tr. 1257-59, 1264-65). The government concedes that it would be improper for the jury to consider such testimony "as evidence that the Defendants' conduct violated the Sherman Act." ECF No. 189, at 2 n.2.

Mr. Ashton and Mr. Urwin were London colleagues. In the Urwin call, they discussed their concerns about how their trading behaviors might be viewed by their compliance officers or others in their milieu. The Urwin call thus reflects non-lawyers' perceptions regarding the judgments of UK compliance officers about UK laws and policies.

"This case turns on whether [the defendants] violated antitrust laws. Thus, whether [they] believed they violated [compliance] policies is irrelevant." *In re Urethane Antitrust Litig.*, No. 08-cv-5169, 2016 U.S. Dist. LEXIS 15137, at *6 (D.N.J. Feb. 8, 2016). Yet the distinction between actual applicable law and perceived applicable corporate policies "would be far less clear to a jury." *English v. Dist. of Columbia*, 651 F.3d 1, 10 (D.C. Cir. 2011). The Urwin call would therefore confuse the issues and unfairly prejudice the defendants.

The Urwin call also carries little or no probative value. Given its context, the Urwin call reflects no consciousness of guilt *of the charged conduct*, but rather, at most, perceived transgressions against standards inapplicable here. Mr. Urwin's inflammatory statements are not admissions by any defendant.

Honorable Richard M. Berman
October 18, 2018

And any relevant statements that the call does contain (which, in any event, cannot be considered against Mr. Usher or Mr. Ramchandani) are cumulative of other trial evidence.

The evidence elicited on Mr. Gardiner's redirect already invites the jury to substitute the views of multiples banks and the Federal Reserve Bank for the jury's own judgment.  The Urwin call would lead the jury further out of the courtroom and into the realm of indirectly reported attitudes of UK bank officials.  A British trader should not be guiding the jury in a Sherman Act prosecution.

Respectfully Submitted:

/s/ Michael Kendall
Michael Kendall
Mark Gidley
Andrew Tomback
*Counsel for Richard Usher*

cc:  Counsel for the Government