**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
UNITED STATES OF AMERICA,                         :
                                                  :
                                                  :          17 Cr. 19 (RMB)
                    - against -                   :
                                                  :          **DECISION & ORDER**
RICHARD USHER, ROHAN RAMCHANDANI,   :
and CHRISTOPHER ASHTON                             :
                         Defendants.               :
----------------------------------------------------------------x

On December 22, 2020, the Court denied Defendant Rohan Ramchandani's application for

modification of the Protective Order, dated July 17, 2017 ("Protective Order"). See Dec. 22, 2020

Decision & Order. The Court also directed Ramchandani "to comply with Paragraph 2(c) of the Protective

Order and return to the Government or destroy, by Monday, February 1, 2021, the entire set of discovery

covered by the Protective Order . . ." Id.

On December 22, 2020, Ramchandani filed a letter requesting that the Court "clarify that its

[December 22, 2020] order does not require Mr. Ramchandani to return or destroy publicly admitted trial

exhibits . . ." See Dec. 22, 2020 Def. Ltr. at 1. Ramchandani argues, among other things, that "[t]rial

exhibits that are admitted into evidence become part of the public record" and that there is an "'especially

strong' presumption . . . of the public's right to access trial exhibits." Id. at 1; Dec. 31, 2020 Def. Ltr. at 2.

On December 30, 2020, the Government opposed Ramchandani's December 22 application

requesting that the Court "summarily deny Mr. Ramchandani's request to have the [] trial exhibits deemed

publicly available and thus not subject to the Court's Protective Order." See Dec. 30, 2020 Gov't Ltr. at 3.

The Government contends, among other things, that: "[n]one of the [] trial exhibits is publicly available

under any plain meaning of that phrase;" "[n]o copies were placed on the docket or any website;"

"[d]uring Mr. Ramchandani's trial, single pages or small snippets of admitted exhibits were displayed . . .

and the bulk of their text was never publicly displayed;" and that "there was never any need for the

1

Government to move to seal any trial exhibit, because no further publication of the document . . . was contemplated." See Dec. 30, 2020 Gov't Ltr. at 1-2.

The Court finds that trial exhibits generally, and certainly including the trial exhibits contested here, are public documents. "What transpires in the courtroom is public property." *See United States v. Graham*, 257 F.3d 143, 149 (2d Cir. 2001) (quotation and citation omitted). And, "the public has an 'especially strong' right of access to evidence introduced in trials." *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Accordingly, any protection from disclosure which may previously have attached to these documents under the Protective Order, was removed when they were presented at trial and in the absence of any motion for sealing. See Dec. 31, 2020 Def. Ltr. at 2. That these trial exhibits were not placed on the public docket is of no moment and, in any case, is not determinative of whether the trial exhibits are public in nature. *See e.g. In re Citibank August 11, 2020 Wire Transfers*, 2020 WL 6782213, at *1 (S.D.N.Y. Nov. 18, 2020) ("Trial exhibits are not, in the normal course, filed on the docket . . . however, that does not affect the fact that they are 'judicial documents' subject to a strong presumption in favor of public access.").

## Conclusion & Order

Based upon the foregoing, Mr. Ramchandani is not required to return or destroy the trial exhibits admitted into evidence. If they have any uncertainty about what was introduced at trial, the parties shall meet and confer to determine what documents were introduced. *See In re Citibank August 11, 2020 Wire Transfers*, 2020 WL 6782213, at *2.

Dated: New York, New York
        January 6, 2021

_____
**RICHARD M. BERMAN, U.S.D.J.**